PAUL P. VANGELLOW
VSB 23488
Paul P. Vangellow, P.C.
6109A Arlington Blvd.
Falls Church, VA 22044
Tel: (703) 241-0506
Fax:(703) 241-0886
pvangellow@gmail.com

BRETT E. LEWIS (*pro hac vice* pending)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: brett@iLawco.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **WAREHOUSE GOODS, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br><**GNLLN.COM**>,<br><br>Defendant. | **Case No.:**<br><br>**IN REM ACTION**<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT;<br>(2) DECLARATORY JUDGMENT** |

Plaintiff Warehouse Goods, LLC ("Plaintiff" or "Greenlane") by its attorneys, for its complaint for damages and injunctive relief against Defendant Domain Name <GNLLN.COM>, *in rem*, and alleges as follows:

## INTRODUCTION

1. Greenlane brings this *in rem* action against <GNLLN.com> under the provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

2. Plaintiff is a full-service global Internet platform and e-commerce business, whose customers are being targeted by Defendant. Greenlane is the owner of the federally registered mark "GREENLANE." This is an action to recover the <GNLLN.com> domain name (the "Domain Name") from a cybersquatter who has used it to imitate Plaintiff in communications with Plaintiff's customer(s).

3. The Domain Name is a typo of Greenlane's Web address, which is an abbreviation of Plaintiff's distinctive GREENLANE® trademark (the "GREENLANE Mark." The cybersquatter has used the Domain Name in bad faith wrongfully to profit from the reputation and goodwill of Greenlane.

4. The cybersquatter spoofed Plaintiff's Web address, <gnln.com>, and registered GREENLANE® Mark for the express purpose of stealing customer data and funds.

5. Upon information and belief, the cybersquatter has perpetrated at least 17 phishing scams, and is continuing to target Plaintiff's customers using the Domain Name. See Declaration of Brett E. Lewis ("Lewis Decl."), Exhibit B.

6. Greenlane files this *in rem* complaint against the Defendant Domain Name in this district because the Domain Name's registry, Verisign, is located in this district, while the registrant is a fictitious entity, with no known address.

7. Accordingly, under the Anticybersquatting Consumer Protection Act and this Court's *in rem* jurisdiction, Greenlane requests an order transferring the Domain Name to Greenlane.

## THE PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Warehouse Goods, LLC ("Greenlane"), a Delaware corporation, is a leading distributor of premium brands in the burgeoning vape shop and smoke shop channels.

9. Defendant is the domain name <GNLLN.com>. The person who registered the Domain Name is a non-existent individual, Frank Muller, and entity, Muller Est., Inc. The registry with whom the Domain Name is registered is Verisign, Inc. ("Verisign" or the "registry"). See Exhibit 1. Verisign is a privately held company, whose global headquarters is located within this judicial district at 12061 Bluemont Way, Reston, VA. https://www.verisign.com/en_US/company-information/contact-us/index.xhtml

10. The true name and capacity, whether individual, corporate, associate, or otherwise, of the registrant of the Domain Name is unknown to Plaintiff. Similarly, the Domain Name registrant's physical address, telephone number, and email address are all fictitious and the registrant's actual address and contact information are unknown.

## SUBJECT MATTER JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1125(d)(2)(A), and pursuant to 28 U.S.C. § § 1331 and 1338. Pursuant to 15 U.S.C. § 1125(d)(2)(C)(i), a domain name has its situs in the judicial district in which the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. Verisign is the registry for the Defendant Domain Name. Exhibit 1. Verisign identifies its place of business as being at 12061 Bluemont Way, Reston, VA.

https://www.verisign.com/en_US/company-information/contact-us/index.xhtml

12. Pursuant to 15 U.S.C. § 1125(d)(2)(C)(i), Greenlane, as the owner of the GREENLANE® Mark, hereby files this *in rem* civil action against the Domain Name in this judicial district because the domain name registry is located in this district, and because the Domain Name violates Greenlane's trademark rights, and because Greenlane is not able to obtain *in personam* jurisdiction over the cybersquatter, who would have been the defendant in a civil action.

13. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 and 15 U.S.C. § 1125(d)(2)(C)(i).

## FACTUAL ALLEGATIONS

14. As stated above, Plaintiff is a business engaged in the Internet wholesale and distribution of premium products for vape shops and smoke shops via its catalogue and website located at the domain name <gnln.com>.

15. Plaintiff has been doing business under the GREENLANE® Mark since October 19, 2016, and is the owner of a USPTO registration for GREENLANE in connection with, "[o]n-line and brick-and-mortar wholesale store services featuring vaporizers," and related goods. See Affidavit of Aaron Locascio ("Locascio Aff."), Exhibit B.

16. Greenlane is a leader in the vaporizer field, with annual sales in excess of $100 million. Greenlane has over 235 employees, ships more than 250,000 packages annually, and its Web properties have over 50,000 positive customer reviews. It's customer support team services more than 8,000 brick and mortar outlets.

17. Since 2016, Plaintiff has been using the domain name <gnln.com> – which is an abbreviation for GREENLANE – in connection with its e-commerce Web site, and Greenlane's

customers have come to know Greenlane by its Web address.  Between September 2017 and September 2018, alone, the <GNLN.com> site received close to 350,000 visitors.  Plaintiff's employees utilize email addresses resolving to the <gnln.com> domain name.

## **DEFENDANTS' WRONGFUL CONDUCT**

18. The registrant of the Domain Name is a cybersquatter, Internet scammer, and thief.

19. Upon information and belief, at some time prior to or on August 17, 2018, the cybersquatter secretly installed spying software on a computer of one or more of Plaintiff's customers.  This software permitted the squatter to remotely and covertly access, intercept, monitor, transmit, use and/or remove electronic communications from Plaintiff to its customer(s), including regular business emails from one employee in particular on Plaintiff's behalf.

20. Upon information and belief, during August 2018, the cybersquatter repeatedly and routinely intercepted, accessed and viewed the employee's emails to Plaintiff's customer.  The cybersquatter was able to use this access to recreate the employee's email signature block and isolate her most common email sign-offs.

21. On or about August 17, 2018, the squatter registered the confusingly similar domain name, <gnlln.com>, in order to send and receive phishing emails to Plaintiff's customer(s).

22. The hacker impersonated Plaintiff's employee, and used the information it had gleaned from its surreptitious surveillance and access to Plaintiff's emails to its customer.

23. Copying the employee's email signature and utilizing her frequently-used email send off, "Please let me know if you have any questions or need any revisions on the orders," the squatter undertook to have Plaintiff's customers transfer funds via Automated Clearing House (ACH) Network payment – instead of the regular wire transfer – by sending emails from the spoofed email address, <a****is@gnlln.com>.

24. As such, at least one of Plaintiff's customers transferred over $12,000 not to Plaintiff, but instead to the cybersquatter, unbeknownst to the customer.

25. Specifically, on August 17, 2018, the cybersquatter emailed Plaintiff's customer Cresco Labs as follows:

Hi *********!

Accounts has just informed me that henceforth all our Funds should come in via ACH Transfer.

Can you set up this next payment via ACH payment.

Please let me know if you have any questions or need any revisions on the orders.

Thank you ********!

26. Plaintiff's customer, confused by the cybersquatter's fraudulent impersonation and identity theft, responded by asking for further details.

27. The squatter then replied, again impersonating the employee, on August 20, 2018:

********,

Please see attached ACH Instructions as requested.

Kindly advise when the payment will be sent.

28. The cybersquatter's illicit email access/surveillance, fraudulent impersonation, and registration of a confusingly similar Domain Name was wrongful, in bad faith, and has inflicted substantial harm on Plaintiff and its customer.

29. If allowed to continue unabated, there is tremendous and imminent risk that the cybersquatter will inflict substantial additional harm to Plaintiff and its customers, by further impersonating Plaintiff using the confusingly similar Domain Name.

30. Plaintiff also seeks a declaration from this Court that the cybersquatter has

6

registered an infringing Domain Name and ordering its transfer to Plaintiff.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE ANTICYBERSQUATTING
## CONSUMER PROTECTION ACT
## UNDER 15 U.S.C. § 1125

31.     Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 30, with the same force and effect as if set forth in detail herein again.

32.     The Domain Name is confusingly similar to Plaintiff's trademark, GREENLANE®.  Plaintiff uses <GNLN.com> as its domain name, with "gnln" a clear abbreviation for "Greenlane."  Plaintiff's customers understand Plaintiff to use the <GNLN.com> domain name to refer to an abbreviation of Greenlane, and associate that domain name with the GREENLANE® Mark.  The squatter intentionally registered the Domain Name, which simply adds an extra "l" to Plaintiff's Web address, in order to trick Plaintiff's customers into believing that the squatter was Plaintiff.  The squatter also used Plaintiff's GREENLANE® Mark in its phishing emails, further enhancing the likelihood of confusion.

33.     By registering and using the confusingly similar <gnlln.com> domain to "phish" Plaintiff's customers, the cybersquatter has registered, trafficked in and used a domain name with bad faith intent to profit unlawfully.

34.     The aforesaid actions constitute cybersquatting, in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

35.     The cybersquatter registered a Domain Name that is confusingly similar to Plaintiff's pre-existing and distinctive registered trademark.

36.     The cybersquatter's registration and use of the confusingly similar Domain Name was part of an intentional bad faith scheme to profit off Plaintiff's business, mark, and reputation.

37. The squatter's use of the confusingly similar Domain Name has caused, and unless and until enjoined will continue to cause, irreparable injury to Plaintiff and the good will associated with its name. An award of monetary damages cannot fully compensate Plaintiff for its injuries and therefore Plaintiff lacks an adequate remedy at law.

38. Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(d)(2)(D).

39. As a direct and proximate result of the registrant's conduct as described herein, Plaintiff has suffered irreparable harm through the loss of business reputation. Plaintiff's customers cannot trust their communications with Plaintiff so long as this phisher and confusingly similar Domain Name remain active. The cybersquatter's violation of federal law poses a substantial risk of irreparable harm. The total loss to Plaintiff in economic terms cannot be accurately measured at this time, as the full magnitude of the phishing scam is not yet known.

40. Plaintiff has a substantial likelihood of success on the merits of its claims. In addition, the magnitude of the injury being suffered due to the cybersquatter's unlawful conduct heavily outweighs whatever hardship the Domain Name's holder could allege or prove from the Domain Name being restrained as requested.

41. The granting of the injunctive relief requested herein will not adversely affect any public policy or public interest.

42. Plaintiff need not demonstrate an irreparable injury or inadequacy of other remedies, but merely show a prima facie case of illegality and that an injunction would fulfill the legislative purpose of the statute. A temporary restraining order and preliminary injunction will fulfill the purposes of these statutes.

43. At this point, Plaintiff has no adequate remedy at law and is suffering immediate, imminent, and irreparable harm. Should the squatter's actions in illegally phishing Plaintiff's

customers continue unabated, he or she will continue to harm and negatively impact Plaintiff's privacy, business, and reputational interests.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT

44. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 30, with the same force and effect as if set forth in detail herein again.

45. The Defendant Domain Name <gnlln.com> is confusingly similar to Plaintiff's GREENLANE Mark and <gnln.com> domain name, and was registered in bad faith, so as to defraud Plaintiff and its customers.

46. A justiciable controversy exists between Plaintiff and the Defendant Domain Name.

47. To resolve this actual controversy, Plaintiff seeks a declaration and judgment that the Domain Name was registered in bad faith, with the intent to profit off of Plaintiff's registered GREENLANE® Mark, and seeks an Order of this Court transferring the Domain Name to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant that:

1. Enter a temporary and permanent order, pursuant to 15 U.S.C. § 1125(d)(2)(D), as follows:

   a. Declaring that there has been a violation of the Anticybersquatting Consumer Protection Act with regard to the <gnlln.com> domain name and the unidentified cybersquatter's activities as alleged herein;

b. Issuing preliminary and permanent injunctive relief in the form of an Order that the registration, ownership, and control of the <gnlln.com> domain name be transferred immediately and without reservation of rights to Greenlane; and

c. For such other relief as the Court deems just and equitable under the circumstances.

DATED this 12th day of September, 2018.

Respectfully submitted,

_____/s/_____
PAUL P. VANGELLOW
VSB 23488
Paul P. Vangellow, P.C.
6109A Arlington Blvd.
Falls Church, VA 22044
Tel: (703) 241-0506
Fax:(703) 241-0886
pvangellow@gmail.com


_____/s/_____
BRETT E. LEWIS (*pro hac vice* pending)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Telephone: (718) 243-9323
Facsimile: (718) 243-9326
Email: brett@iLawco.com

Attorneys for Plaintiff