IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| WAREHOUSE GOODS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:18-cv-01160 (LMB/TCB) |
| ) | |
| GNLLN.COM, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on January 3, 2019 [Dkt. No. 27], which recommends that default judgment be entered against defendant <GNLLN.COM> ("Defendant Domain Name") for violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA") and that plaintiff Warehouse Goods, LLC ("Plaintiff") be granted permanent injunctive relief stating that the registration, ownership, and control of Defendant Domain Name be maintained with Plaintiff. Id. at 11. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal any judgment based upon the Report. Id. at 12. As of January 24, 2019, no party has filed an objection. The Court has reviewed the Report, the plaintiff's motion for default judgment, and the case file, and adopts the Report in full.

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because it involves a federal question arising under the ACPA. Id. at 2. The magistrate judge also correctly concluded that this Court has in rem jurisdiction over Defendant Domain Name under 15 U.S.C. § 1125(d)(2)(A) and venue is appropriate in this district under 15 U.S.C. § 1125(d)(2)(C) because the registry for the

Defendant Domain Name, VeriSign, Inc., is located in the Eastern District of Virginia. Id. at 2–3. Lastly, the magistrate judge correctly concluded that plaintiff properly served the Defendant Domain Name through publication pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II) and that the Clerk of Court properly entered a default as to Defendant Domain Name because nobody made a timely claim to the domain name after proper service. Id. at 3–4. On September 18, 2018, the Court entered a preliminary injunction and temporary restraining order directing VeriSign, Inc. to change the registrar for Defendant Domain Name to one of Plaintiff's selection and thereafter permitting the Defendant Domain Name to be registered in Plaintiff's name [Dkt. No. 15].

The Court finds that the magistrate judge correctly determined that Plaintiff has pleaded the requirements for obtaining relief under the ACPA. Specifically, Plaintiff has adequately pleaded that its trademark Greenlane is distinctive within the meaning of the ACPA, and that Plaintiff conducts its online business at <gnln.com>. Plaintiff has also shown that the registrant of the Defendant Domain Name <gnlln.com> had a bad faith intent to profit from using the Defendant Domain Name, which is confusing similar to the distinctive mark owned by Plaintiff. Id. at 7–10. Accordingly, Plaintiff has adequately pleaded a violation of 15 U.S.C. § 1125(d)(1)(A). Moreover, the magistrate judge correctly concluded the Court should enter an order pursuant to 15 U.S.C. § 1125(d)(1)(C) requiring the transfer of the registration for the Defendant Domain Name back to Plaintiff. Id. at 10. Accordingly, the Report is ADOPTED, plaintiff's Motion for Default Judgment [Dkt. No. 23] is GRANTED, and it is hereby

ORDERED that default judgment be and is entered against Defendant Domain Name <gnlln.com> for violations of 15 U.S.C. § 1125(d)(1); and it is further

ORDERED, ADJUDGED and DECREED that there has been a violation of the ACPA with regard to Defendant Domain Name <gnlln.com> and the unidentified cybersquatter's activities alleged herein, and that the registration, ownership, and control of Defendant Domain

Name <gnlln.com> domain name be maintained with Plaintiff Warehouse Goods, LLC; and it is further

ORDERED that the preliminary injunction bond of $500.00 previously deposited with the Court on October 15, 2018 [Dkt. No. 18] be RETURNED to Plaintiff.

The Clerk is directed to enter judgment in this matter pursuant to Fed. R. Civ. P. 55 and to forward copies of this Order to counsel of record.

Entered this 24th day of January, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge